|   |   |   |
|---|---|---|
| | | HONORABLE RICHARD A. JONES |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN CROSLEY, | |
| Plaintiff, | CASE NO. C18-1748 RAJ |
| v. | ORDER |
| DELTA AIRLINES, et al., | |
| Defendants. | |

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** Plaintiffs' Complaint as to Defendants Boeing Corporation and Airbus SE. Dkt. # 7.

On December 4 2018, Plaintiff filed this action against Defendants Delta Airlines, Boeing Corporation, and Airbus SE. Dkt. # 1. Plaintiff generally asserts a claim arising under the Montreal Convention for alleged injuries he sustained on an international Delta Airlines flight bound for Seattle. Dkt. ## 1-1; 7. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. On March 1, 2019, the Honorable Mary Alice Theiler granted the application after Plaintiff fixed deficiencies in his application. Dkt. ## 5, 6.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C.

§ 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the Court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Taking all allegations in the light most favorable to the Plaintiff, the Court finds that the Complaint fails to state a claim showing that Plaintiff is entitled to relief as to Defendants Boeing and Airbus. Plaintiff's Complaint alleges that Delta Airlines is at fault for causing injuries when a flight attendant allegedly pushed a cart into his knee while he was a passenger on a flight bound for Seattle. Dkt. # 1-1. It is unclear what claims, if any, Plaintiff asserts against Boeing and Airbus. Plaintiff does not single out

either of these two entities for any alleged fault or action, and provides no authority that permits airplane manufacturers to be liable for injuries sustained by crew operations during passenger flights.  Although *pro se* litigants are given more leeway than licensed attorneys when assessing their pleadings, they must still adhere to the Federal Rules of Civil Procedure.  *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).  Plaintiff simply does not state a plausible claim for which any type of relief could be granted by this Court against either of these two Defendants.

As a result, the Court **DISMISSES** Plaintiff's Complaint as to Defendants Boeing Corporation and Airbus.  **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above.  If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not provide a basis for jurisdiction and state a cognizable claim for relief against Boeing and Airbus, or is otherwise untenable under § 1915(e), the Court will dismiss the action as to these two Defendants.

Dated this 5th day of March, 2019.

The Honorable Richard A. Jones
United States District Judge